IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br>One (1) Boost Mobile (Kyocera Corp.)<br>Cellular Telephone<br>DEC# 268435457808927731<br>HEX# A00000128839F3 11<br>And One(1) Samsung Cellular Telephone<br>S/N R2ABA05527X<br>IMEI: 358355/04/077976/7 | APPLICATION AND AFFIDAVIT FOR<br>SEARCH WARRANT<br><br>CASE NUMBER: 2:12-MJ-84 |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 11 2012
CLERK, U.S. DISTRICT COURT
By_____
      Deputy

I, William Carter, being duly sworn depose and say:

I am a Special Agent with Homeland Security Investigations, Amarillo, Texas, and I have reason to believe that in the cellular telephones described as, one (1) Boost Mobile (Kyocera Corp.) Cellular Telephone DEC# 268435457808927731 and HEX# A00000128839F3 11 and one (1) Samsung Cellular Telephone S/N: R2ABA05527X and IMEI: 358355/04/077976/7 previously seized by the Texas Department of Public Safety incident to an arrest in Carson County, Texas, on November 24, 2012, and then adopted by Homeland Security Investigations on December 3, 2012, in the Amarillo Division of the Northern District of Texas, there is now concealed a certain property namely:

electronically stored data, including but not limited to: names, telephone numbers, photographs, voice mails, and text messages

which said property constitutes evidence of commission of criminal offenses; in violation of 18 U.S.C. §§ 922(g)(5) and 371.

The facts to support a finding of Probable Cause are as follows:

SEE AFFIDAVIT, ATTACHED HERETO AND MADE A PART HEREOF

Continued on the attached sheet and made a part hereof.    /x/ Yes /_/ No

_____
William Carter, Special Agent
Homeland Security Investigations

SWORN TO BEFORE ME, AND SUBSCRIBED IN MY PRESENCE

December 11, 2012                                Amarillo, Texas
_____                          _____
Date                                             City and State

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE                   _____
_____                          Signature of Judicial Officer
Name and Title of Judicial Officer

AFFIDAVIT FOR SEARCH WARRANT        2:12-MJ-84

Your affiant, William Carter, is a Special Agent with Homeland Security Investigations (HSI).

Your affiant is familiar with the below described facts and circumstances based upon conversations with fellow law enforcement officers, the interviews of suspects, reports and personal experience.

On November 24, 2012, TX DPS Trooper Jerome Ingle was working routine patrol on Interstate 40 west bound in Carson County, Texas near milepost 100. Trooper Ingle observed two (2) speeding vehicles traveling east bound. Trooper Ingle monitored both vehicles as they approached and confirmed through radar that the vehicles were traveling 91 mph in a 75 mph zone. The first vehicle was identified as a small white Ford passenger car and the second was a 2011 Dodge Durango. Trooper Ingle then determined that both vehicles were traveling the same speed and it was also apparent that the Durango was committing a second violation of following too closely. Trooper Ingle observed both vehicles make two separate lane changes each time they kept in stride with each other and moved around the slower vehicles much like a snake would as it slithered on the ground. As Trooper Ingle attempted to stop both vehicles, he moved into the left lane, and when he pulled up along-side the Durango, the driver of the vehicle applied his brakes hard causing him to stop abruptly. This prevented Trooper Ingle from stopping the small white Ford passenger car. Trooper Ingle then pulled in behind the rented 2011 Dodge Durango. The vehicle displayed California registration 6SSZ696.

The driver of the vehicle was later identified as Jose A. Hyrtado (AKA Marco Raul Fuertes-Olmedo and AKA Ernesto Montenegro). Upon making contact with Hyrtado, Trooper Ingle motioned for TX DPS Trooper Oscar Esqueda to approach and visit with Hyrtado while he took care of the paperwork. As Trooper Esqueda visited with Hyrtado, Trooper Ingle observed Hyrtado being overly friendly, frantically moving around, swinging his arms around, his head moving up and down and side to side, kicking at the ground, and his body swaying from side to side. Trooper Ingle then issued a citation for the traffic offenses of following too closely and a warning for speeding. Hyrtado was subsequently asked for consent to search the vehicle. Verbal consent to search the vehicle was granted by Hyrtado. During the search, Trooper Ingle located a Smith and Wesson 9MM caliber semi-automatic pistol with an obliterated serial number concealed behind the driver's side dash. After locating the 9MM, the dash was dismantled and a plastic bag containing jewelry was discovered. Hyrtado was subsequently placed under arrest and transported to the Carson County jail in Panhandle, Texas for having a prohibited weapon. HIS of Amarillo was contacted and determined through record checks that Hyrtado was a citizen of Mexico and was in the United States Illegally.
HSI adopted the case from the Texas Department of Public Safety. On November 29, 2012, a criminal complaint was filed in this Court charging Hyrtado with the offense of Alien in Possession of a Firearm, in violation of 18 U.S. C. Section 922(g)(5).

At the time of the stop, Hyrtado had one Boost Mobile (Kyocero Corp.)cellular telephone, DEC# 268435457808927731 and HEX# A00000128839F3 11, and one Samsung cellular telephone Serial Number R2ABA05527X and IMEI 358355/04/077976/7 in his possession. Both phones were seized by law enforcement and are now in the custody of law enforcement in the Amarillo Division of the Northern District of Texas. It is widely known that communication is essential in order for criminal organizations to communicate with their associates. It is most common for the criminals to communicate via cellular telephones, pagers and through the internet since they are

constantly on the move and must stay in contact with their co-conspirators. Most criminals normally prefer cellular telephones, pagers and the internet because a normal land line telephone restricts their movement and they fear that law enforcement authorities are possibly monitoring their land line telephones. Some members of the criminal community also fear that by using land-line telephones, law enforcement authorities would be able to locate their residences, businesses and other locations that are being utilized to store firearms or stolen jewelry or proceeds of criminal activity..

It is also quite common for criminals to store names and telephone numbers of their sources, transporters, distributors and customers in their cellular telephones. This allows the criminals to retain many telephone numbers and the ability to quickly access the desired number. Many of the newer cellular telephones are equipped with a built in camera and it provides for the storage of visual images within the cellular telephone. Investigative efforts have shown that criminals will photograph themselves, their money and/or stolen merchandise and store the images in their cellular telephone.

Based upon his experience and training and due to the manner in which the jewelry was being transported, the fact that both cars appeared to be traveling together, and the fact that as Trooper Ingle pulled up along-side the Durango the driver of the vehicle applied his brakes hard causing him to stop abruptly thus preventing Trooper Ingle from stopping the small white Ford passenger car, your affiant believes that there is probable cause to believe that the jewelry is stolen and there is more than one subject is involved. Your affiant also believes that probable cause exists that data; to include names, telephone numbers, times and dates of calls, photographs, voice mails, text messages and other information, electronically stored inside the cellular telephones, will identify other members of this organization. Your affiant is requesting that this search and seizure warrant be granted and that both cellular telephones heretofore described in this affidavit be searched so that the stored information, as described above, can be retrieved and used as evidence in this investigation. Your affiant strongly believes that by retrieving the information stored inside the cellular telephones, other members of this criminal organization will be identified and thus will aid in the furtherance of this investigation.

William Carter        Special Agent
Homeland Security Investigations

Sworn and subscribed to before me on this _____ day of December 2012, at Amarillo, Texas.

Clinton E. Averitte
United States Magistrate Judge

Vicki Lamberson
Assistant U.S. Attorney